**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FIRST NONPROFIT INSURANCE COMPANY a/s/o SELF HELP MOVEMENT, INC.**<br><br>**Plaintiff**<br><br>**v.**<br><br>**MEENAN OIL LLC and LIMBACH CONSTRUCTION**<br><br>**Defendants** | **CIVIL ACTION**<br><br>**No. 20-cv-477-MMB** |

**MEMORANDUM RE: DEFENDANT MEENAN'S MOTION TO DISMISS**

**Baylson, J.** **May 26, 2020**

## I. Introduction

First Nonprofit Insurance Company ("Plaintiff") provided property insurance to Self Help Movement Inc. ("Self Help") in connection with a commercial property located in Philadelphia (the "Property"). Plaintiff paid a claim submitted by Self Help after the Property sustained water damage due to a malfunction in the HVAC system. Plaintiff has brought suit against Meenan Oil LLC ("Meenan"),[1] which performed maintenance work on the Property's HVAC system, and Limbach Construction, Inc. ("Limbach"), which installed the HVAC system. Plaintiff seeks to recover in subrogation for money it paid to Self Help.[2]

[1] Meenan's Motion to Dismiss notes that it is incorrectly designated as "Meenan Oil LLC" and that its actual name is "Meenan Oil Co., L.P."

[2] "Subrogation" refers to the "substitution of one person for another; that is, one person is allowed to stand in the shoes of another and assert that person's rights against a third party." US Airways, Inc. v. McCutchen, 569 U.S. 88, 97 n.5 (2013) (internal quotation marks and citation omitted). In the insurance context, subrogation "involves the substitution of the insurer . . . to the rights of the insured." Id. (internal quotation marks and citation omitted).

In this case, Plaintiff First Nonprofit Insurance is the insurer (the "subrogee") of Self Help (the "subrogor"). First Nonprofit seeks to substitute itself for Self Help and recover against Meenan for allegedly deficient maintenance work Meenan performed on Self Help's HVAC system.

Currently before the Court is Defendant Meenan's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Defendant Limbach has not moved to dismiss. For the reasons that follow, Meenan's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

## II. Factual History

The factual background is drawn largely from the allegations in the Complaint against Defendant Meenan. [3] The Court takes the facts alleged by Plaintiff as true and construes them in its favor, as is required at the motion to dismiss stage. Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

Self Help owns a property located in Philadelphia that was covered by a policy of insurance maintained by Plaintiff. (Compl. re Meenan ¶ 3.) Defendant Limbach installed an HVAC system at the Property and performed maintenance inspections.[4] (Compl. re Limbach ¶ 15(a).) On December 11, 2016, Defendant Meenan serviced the HVAC system at Self Help's Property. (Compl. re Meenan ¶ 6.) On January 14, 2017, the sprinkler discharged which caused water damage to the Property. (Compl. re Meenan ¶ 7.) A subsequent investigation revealed that the sprinkler activated because the HVAC system overheated. (Compl. re Meenan ¶ 11.) Plaintiff paid Self Help for the damage to the Property pursuant to its obligations under the insurance contract, and became subrogated to the claims in this action. (Compl. re Meenan ¶ 12.)

[3] The complaint against Defendant Meenan, attached as Exhibit A to the Notice of Removal, (ECF 1 at 11–22), will be cited as "Compl. re Meenan." The complaint against Defendant Limbach, attached as Exhibit B to the Notice of Removal, (ECF 1 at 23–33), will be cited as "Compl. re Limbach." Unless stated otherwise, any reference to "the Complaint" refers to the Complaint against Defendant Meenan, which is the only complaint challenged by Meenan's motion.

[4] Plaintiff's sur-reply clarifies that Limbach installed the HVAC system in 2014 and continued to perform service and warranty repair work until "at least" 2016. (ECF 6-1, Sur-Reply at 4 n.1.)

## III. Procedural History

Plaintiff filed its complaint against Limbach in the Court of Common Pleas of Philadelphia County on January 9, 2019 asserting claims for Negligence (Count I); Breach of Contract (Count II); and Breach of Implied Warranty of Quality Workmanship (Count III). (Compl. re Limbach.) Plaintiff filed a separate, related complaint against Meenan on December 13, 2019 asserting claims for Breach of Contract (Count I) and Breach of Implied Warranty of Quality Workmanship (Count II). (Compl. re Meenan.) The Court of Common Pleas consolidated the Limbach action and the Meenan action on December 20, 2019. (ECF 1, Notice of Removal Ex. C.)

Meenan, with the consent of Limbach, removed the consolidated case to this Court on January 27, 2020 on the basis of diversity jurisdiction.[5] (ECF 1, Notice of Removal; id. Ex. E (Limbach Consent).) Meenan timely moved to dismiss pursuant to Rule 12(b)(6) on February 13, 2020. (ECF 2.) Plaintiff responded in opposition, (ECF 4), and Meenan replied in support, (ECF 5.) With leave of Court, Plaintiff filed a sur-reply. (ECF 6-1 (Sur-Reply); ECF 7 (Order).)

## IV. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citation omitted). The Supreme Court has instructed that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

[5] The requirements of diversity jurisdiction are satisfied. Complete diversity exists because Plaintiff is a citizen of Illinois; Meenan is a citizen of Minnesota and of Connecticut; and Limbach is a citizen of Delaware and of Pennsylvania. (ECF 1, Notice of Removal ¶¶ 5–10.) The amount in controversy exceeds $75,000 because Plaintiff asserts claims against both Meenan and Limbach in excess of $100,000. (Id. ¶ 11.) Therefore, the requirements of diversity jurisdiction are met and Meenan properly removed this action. See 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1441(a).

Twombly, 550 U.S. 544, 570 (2007)).

Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## V. Discussion

### A. Pennsylvania Law Applies

Because the Court is sitting in diversity, the Court applies the law of the state of Pennsylvania to each of Plaintiff's state law claims. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."); Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262 (3d Cir. 2011) ("A federal court sitting in diversity must apply state substantive law . . . ."). In the absence of authoritative guidance from the Supreme Court of Pennsylvania, the Court looks to "decisions of [Pennsylvania] intermediate appellate courts, of federal courts interpreting [Pennsylvania's] law, and of other state supreme courts that have addressed the issue . . . ." Spence v. ESAB Grp., Inc., 623 F.3d 212, 216 (3d Cir. 2010).

### B. Parties' Arguments

Meenan raises three arguments. Plaintiff responds in opposition to each point.

First, Meenan argues that the Service Agreement it entered into with Self Help requires dismissal of the entire Complaint. (ECF 2-2, Motion to Dismiss at 2.) Meenan asserts contract

defenses based on three provisions in a Service Agreement that it contends governed the relationship between itself and Self Help. (Id. at 5–6, 10–11.) The Service Agreement was attached by Meenan to its Motion to Dismiss, but was not attached to or otherwise referenced in the Complaint. Plaintiff opposes consideration of the Service Agreement because at the motion to dismiss stage, matters extraneous to the pleadings are outside the scope of review. (ECF 4-1, Opposition at 5.) In the alternative, Plaintiff argues that the Service Agreement (and each specific provision Meenan raises as a defense) is unconscionable and void. (Id. at 7–11.)

Second, Meenan contends that Count I, for breach of contract, is time barred. (Motion to Dismiss at 9.) Meenan's statute of limitations argument relies on the statute of limitations for tort claims, which Meenan contends is applicable because the gist of the action doctrine requires that the breach of contract claim be construed as a tort claim. (Id. at 7–9.) Plaintiff responds that the gist of the action doctrine only applies to improper attempts to recast claims in contract as claims in tort, and that it is therefore inapplicable to Count I, which asserts a claim for breach of contract. (Opposition at 13.)

Third, Meenan argues that Count II, for breach of the implied warranty of quality workmanship, should be dismissed because such claims are generally disfavored in the law and should be construed narrowly. (Motion to Dismiss at 6–7.) Plaintiff responds that numerous state and federal courts interpreting Pennsylvania law have implied a warranty to perform in a reasonable and workmanlike manner, and that Count II is consistent with this theory. (Opposition at 12.)

**C. Analysis**

Each of Meenan's arguments will be addressed in turn. The Court concludes that (1) the Service Agreement is not a document that may be considered at this stage of the litigation and

therefore the agreement does not require dismissal of the Complaint; (2) Count I, for breach of contract, is properly considered a claim in tort pursuant to the gist of the action doctrine and is barred by Pennsylvania's two-year statute of limitations for tort claims; and (3) Count II, for breach of the implied warranty of quality workmanship, states a claim to relief.

**1. The Service Agreement Does Not Require Dismissal of the Complaint**

Meenan asserts three contract defenses, all of which derive from the Service Agreement that Meenan attached as Exhibit A to the Motion to Dismiss. (ECF 2-4, Service Agreement.) Meenan asserts that each of these defenses requires dismissal of the entire Complaint. Evaluating the merits of Meenan's contract-based arguments is appropriate only if consideration of the Service Agreement is proper. Because Plaintiff questions the authenticity of the agreement, the Service Agreement may not be reviewed by the Court in evaluating Meenan's Motion to Dismiss. As a result, Meenan's contract-based defenses will not be reached at this time.

Our Court of Appeals has instructed that a district court is generally confined to "the complaint, exhibits attached to the complaint, and matters of public record" when evaluating a challenge under Rule 12(b)(6). Estate of Roman v. City of Newark, 914 F.3d 789, 796 (3d Cir. 2019) (internal quotation marks and citation omitted); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) ("As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings."). The Third Circuit has noted that a district court may also review "documents that a defendant attaches as an exhibit to a motion to dismiss," but only if the documents "are undisputedly authentic and the plaintiff's claims are based on them." Estate of Roman, 914 F.3d at 796 (internal quotation marks and citation omitted). The Service Agreement is not attached as an exhibit to the Complaint, but rather as an exhibit to the Motion to Dismiss. The agreement is not a matter of public record. Therefore, only the last

exception—for "integral documents"—is relevant here.

The integral documents exception requires that the Service Agreement be (1) "undisputedly authentic" and (2) relied on by the Complaint. For the Service Agreement to be "undisputedly authentic," it must be a document "whose authenticity no party questions . . . ." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). That requirement is not satisfied here. Plaintiff contends that it "has never seen [the Service Agreement] before and it is not apparent on the face of the documents . . . that it is a valid and authentic agreement." (Opposition at 6.) Plaintiff's concern about authenticity is partially based on the observation that the agreement is not signed by either Meenan or Self Help.[6] (Id.) Because Plaintiff disputes the authenticity of the Service Agreement, it is not an "integral document" that the Court may consider at this stage of the litigation.

The rationale for the integral documents exception supports this conclusion. The Third Circuit has explained that "the primary problem raised by looking to documents outside the complaint [is] lack of notice to the plaintiff . . . " In re Burlington, 114 F.3d at 1426; see also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("The reason that a court must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is to afford the plaintiff an opportunity to respond."). The concern about lack of notice is squarely implicated here because Plaintiff claims it never saw the Service Agreement before Meenan attached it to the Motion to Dismiss. This is not a case where Plaintiff had "actual notice" and "relied upon [the Service Agreement] in framing

[6] Meenan correctly notes that a signature is not required for a contract to be valid. (ECF 5, Reply at 4.) This Court recently considered that issue in Ohama v. Markowitz, No. 19-2150, 2020 WL 365058, at *5–7 (E.D. Pa. Jan. 21, 2020). However, the question of whether a signature is required for contract effectiveness is entirely distinct from the issue of whether the contract may be considered on a motion to dismiss. It is in the latter context that the absence of signatures arises in this case. Therefore, Meenan's arguments about why the Service Agreement is effective notwithstanding the absence of signatures are inapposite.

the [C]omplaint." In re Burlington, 114 F.3d at 1426. It is therefore not a proper case for considering the agreement or evaluating arguments based on it. Cf. Schmidt v. Skolas, 770 F.3d 241, 250 (3d Cir. 2014) ("[T]he justification for the integral documents exception is that it is not unfair to hold a plaintiff accountable for the contents of documents it must have used in framing its complaint, nor should a plaintiff be able to evade accountability for such documents simply by not attaching them to his complaint.").

Meenan argues that consideration of the Service Agreement is proper because the elements of contract formation are satisfied. (Reply at 4–6.) The problem with this response is that it presupposes that the Service Agreement, and not some other document, was the expression of the parties' fully formed agreement. Plaintiff does not dispute the existence of a valid contract between Self Help and Meenan but rather takes issue with treating the Service Agreement as the definitive contract without confirmatory discovery. (Opposition at 6–7; Sur-Reply at 2–3). Plaintiff's concern about the authenticity of the Service Agreement precludes the Court from considering the agreement in conjunction with Meenan's Rule 12(b)(6) challenge.

In sum, it would be premature to review the Service Agreement that Meenan attached to the Motion to Dismiss. Meenan may be entitled to summary judgment on the basis of one or more of the provisions in the Service Agreement, and nothing precludes Meenan from renewing these arguments in a subsequent Rule 56 motion.

**2. Count I (Breach of Contract) Is Barred By Two-Year Statute of Limitations for Tort Claims**

Meenan articulates a twofold argument in support of its contention that Count I, for breach of contract, should be dismissed. Meenan argues that the breach of contract claim should be construed as a claim in tort pursuant to the gist of the action doctrine. (Motion to Dismiss at 8–9.) The significance of classifying Count I as a tort claim is that a two-year statute of limitations

applies to tort claims, 42 Pa. Cons. Stat. § 5524, while a four-year statute of limitations applies to contract claims, id. § 5525. Plaintiff's breach of contract claim would be barred by the former limitations period but not by the latter because the malfunction happened on January 14, 2017 and the Complaint was filed on December 13, 2019. (Motion to Dismiss at 10.)

The Court concludes that Count I is properly classified as a tort claim. Therefore, the two-year statute of limitations for tort claims—not the four-year statute of limitations for contract claims—applies and bars this claim. The Court will first summarize the gist of the action doctrine before analyzing how it applies in this case.

**a. Gist of the Action Doctrine**

The gist of the action doctrine determines whether "a plaintiff may, as a matter of law, bring an action in tort for a defendant's alleged negligent acts committed during the existence of their contractual relationship." Bruno v. Erie Ins. Co., 106 A.3d 48, 68 (Pa. 2014). In Bruno, the Supreme Court of Pennsylvania explained that this doctrine serves as a "means of determining whether a putative tort claim is barred because its substance is, in actuality, a claim for breach of contract." Id. at 66. In other words, the doctrine seeks to prevent a plaintiff from recovering in tort when the true nature of her claim is in contract. See Werwinski v. Ford Motor Co., 286 F.3d 661, 680 n.8 (3d Cir. 2002) ("[T]he 'gist of the action' doctrine bars plaintiffs from bringing a tort claim that merely replicates a claim for breach of an underlying contract."); Simon v. First Liberty Ins. Co., 225 F. Supp. 3d 319, 324 (E.D. Pa. 2016) (Surrick, J.) ("The gist of the action doctrine is 'designed to maintain the conceptual distinction between breach of contract claims and tort claims by precluding plaintiffs from recasting ordinary breach of contract claims into tort claims.'" (citation omitted)).

In this case, the gist of the action doctrine is invoked in the inverse scenario: Count I is

classified as a contract claim but Meenan contends it actually sounds in tort. Meenan recognizes that the doctrine is generally applied to prevent a plaintiff from classifying an ordinary contract claim as a tort claim, but argues that the gist of the action rule should also be applied here to prevent Plaintiff from recovering in contract for what is actually a tort injury. Plaintiff responds that the doctrine is limited to "improper attempts to recast a breach of contract claim as a claim for negligence." (Opposition at 13.)

The same argument Plaintiff makes in this Court was made before the Third Circuit in New York Central Mutual Insurance Co. v. Edelstein, 637 F. App'x 70 (3d Cir. 2016) (nonprecedential). See Brief for Appellants at 13 n.4, New York Cent. Mut. Ins. Co. v. Edelstein, 637 F. App'x 70 (3d Cir. 2016) (No. 15-1541), 2015 WL 4150702, at *11 n.4 (arguing that the gist of the action doctrine, "which prevents the transmogrification of contract claims into tort claims, should have absolutely no application" in a case where the complaint alleges a single cause of action for breach of contract). The issue in New York Central was whether the plaintiffs' complaint, which asserted one count of breach of contract, actually sounded in negligence, because if so the complaint was barred by the two-year statute of limitations for tort claims.

To answer that question, the court analyzed the nature of the allegations in the plaintiffs' complaint, and specifically highlighted the fact that the complaint did not identify any "specific contractual obligation" that was allegedly breached. New York Central, 637 F. App'x at 73. The New York Central court concluded that the "gravamen of [the plaintiffs'] allegations [was] that [the defendant] negligently performed his undertaking as a retained lawyer and thus failed to exercise the appropriate standard of professional care." Id. Because the plaintiffs' "malpractice claim sound[ed] in tort rather than contract," the two-year statute of limitations for tort claims applied and barred the plaintiffs' claim. Id. at 74. On the issue of whether the gist of the action

doctrine can bar contract claims that actually sound in tort, the panel noted that the labeling of a claim is "'not controlling.'" Id. at 73 n.3 (quoting Bruno, 106 A.3d at 68).

Four cases in this district have read New York Central to permit application of the gist of the action doctrine where the claim is formally denoted as a contract claim but is, in substance, a claim in tort. See Nkansah v. Kleinbard LLC, No. 19-4472, 2020 WL 920269, at *3 (E.D. Pa. Feb. 26, 2020) (Savage, J.) (holding that under the gist of the action doctrine, a plaintiff "cannot bring a tort claim as a contract claim"); Cyr v. United Airlines, Inc., No. 18-4323, 2019 WL 936648, at *4 (E.D. Pa. Feb. 25, 2019) (Pappert, J.) (concluding that because "the true subject matter of [the plaintiff's] allegations is [the defendant's] purported negligence or carelessness," the gist of the action doctrine barred the contract claims); Jacoby Donner, P.C. v. Aristone Realty Capital, LLC, No. 17-2206, 2018 WL 1609341, at *5 (E.D. Pa. Apr. 2, 2018) (DuBois, J.) (finding that because the count for breach of contract was actually "an action in tort," the gist of the action doctrine required dismissal); Brenco Oil, Inc. v. Blaney, No. 17-3938, 2017 WL 6367893, at *2 (E.D. Pa. Dec. 13, 2017) (Pratter, J.) (concluding that "the count for breach of contract is really a count for the tort of professional negligence and should be dismissed as a result").

This Court agrees with New York Central and the cases that applied it. Although the gist of the action doctrine emerged in the context of situations where a plaintiff sought to recover in tort for a contract injury, it may also be applied in the opposite situation where a plaintiff asserts a contract claim for something that is, in essence, a tort claim. Therefore, the Court must determine whether the gist of the breach of contract claim in Count I is tort (as Meenan argues) or contract (as framed in the Complaint).

**b. Application of Gist of the Action Doctrine**

To determine how the gist of the action doctrine applies in this case, the Court looks to "the nature of the duty alleged to have been breached, as established by the underlying averments supporting the claim in . . . [P]laintiff's [C]omplaint . . . ." Bruno, 106 A.3d at 111–12. The Supreme Court of Pennsylvania has instructed that "[i]f the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract." Id. at 112. By contrast, "[i]f . . . the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort." Id.

An early case decided by the Supreme Court of Pennsylvania, Zell v. Arnold, 2 Pen. & W. 292 (Pa. 1830), is instructive. In Zell, a property owner sued a millwright whom he had contracted to perform work on his clover mill asserting the existence of a contract and alleging that the millwright performed the work "negligently, carelessly, and unskillfully . . . ." Id. at 292. The Zell court concluded that the gist of the action was "not a failure to *perform*, but a failure to perform in a *workmanly manner*, which is a *tort*." Id. at 294. In summarizing the Zell decision, Bruno further explained that "the true subject matter of the allegations in the complaint did not relate to the defendant's failure to perform his contractual obligations, but, rather, were allegations that he had performed those obligations in a negligent or careless manner." Bruno, 106 A.3d at 62.

This case is analogous to Zell. Plaintiff alleges that Meenan's breach of contract resulted from its breach of "express and/or implied duties to Plaintiff, i.e. generally failing to make the HVAC Systems work reasonably safe and hazard-free, and to do no harm to Plaintiff's property

in the course of performing the service contract." (Compl. re Meenan ¶ 14.) The gist of this claim is tort because Plaintiff does not allege a failure to perform under the contract or identify any specific contractual duty that Meenan breached. See New York Central, 637 F. App'x at 73 (concluding that the gist of the action was tort, not contract, because the plaintiffs did "not identify a specific contractual obligation that [defendants] failed to perform or point to an explicit agreement or instruction that [defendants] breached").

In opposition, Plaintiff argues that the breach of contract claim sounds in contract because this claim alleges breach of an "implied promise to perform in a reasonable and workmanlike manner and with ordinary skill and care." (Opposition at 14.) However, Plaintiff cites no case for the proposition that the breach of an implied promise to perform in a workmanlike manner sounds in contract. To the contrary, the Supreme Court of Pennsylvania's decisions in Zell and Bruno suggest that such a claim sounds in tort. See Bruno, 106 A.3d at 63 (citing Zell for the proposition that "actions arising 'directly' from an alleged breach of a contractual duty [are] to be regarded as being in contract; whereas, those actions based on an alleged breach of a contracting party's separate 'collateral' duty to perform a contractual obligation with skill and diligence [are] to be considered as being in tort").

Although this action may have arisen because of Meenan's agreement to perform maintenance services for Self Help, that does not necessarily mean that Count I sounds in contract. See id. at 62 ("[W]hile the suit may have arisen because of the existence of the contract between the parties, this fact, in and of itself, did not render it an action for breach of contract."). Based on the facts pleaded in the Complaint, Plaintiff's breach of contract claim arises from Meenan's negligent performance. See id. at 70 (holding that where a negligence claim is "not founded on the breach of any of the specific executory promises which comprise the contract, . . . the contract

[should be] regarded merely as the vehicle, or mechanism, which established the relationship between the parties, during which the tort of negligence was committed"). Therefore, the gist of this claim is tort, not contract. Because Count I, as alleged, is properly construed as sounding in tort, the two-year statute of limitations period applicable to tort actions bars this claim. As a result, Meenan's Motion to Dismiss is granted to the extent it seeks dismissal of Count I.

**3. Count II (Breach of Implied Warranty of Quality Workmanship) States a Claim to Relief**

Meenan argues that Count II, for breach of the implied warranty of quality workmanship, should be dismissed because implied warranties are "generally not favored" in law. (Motion to Dismiss at 6.) Meenan represents that Pennsylvania law only permits implying a warranty for contracts involving new home construction, and that "[n]o Pennsylvania [c]ourt has applied the implied warranty of reasonable workmanship to anything other than new home construction." (Id. at 7.) Meenan cites five cases for this point, four of which address the implied warranty of habitability in the context of the sale or lease of a home. See Groover v. Magnavox Co., 71 F.R.D. 638, 639–640 (W.D. Pa. 1976) (rejecting the defendant's attempt to use the implied warranty of habitability as grounds for seeking indemnification from landlord of the property in products liability action); Conway v. Cutler Grp., Inc., 99 A.3d 67, 68 (Pa. 2014) (concluding that the implied warranty of habitability extends only to the initial purchaser of the home); Elderkin v. Gaster, 288 A.2d 771, 777 (Pa. 1972) (finding that the implied warranty of habitability was breached by the builder-vendor's failure to provide an adequate source of drinking water); Groff v. Pete Kingsley Bldg., Inc., 543 A.2d 128, 133 (Pa. Super. Ct. 1988) (recognizing that the warranty of habitability may be implied against individual builders as well as builder-vendors).

The fact that Pennsylvania courts have addressed the implied warranty of habitability in the context of the sale or lease of homes does not favor or disfavor implying a warranty of

workmanship to a contract for the provision of HVAC services—an entirely different context. Cf. id. at 133 n.2 ("Our holding [that the implied warranty of habitability applies to individual homebuilders] is limited, of necessity, to the particular facts of the case presently before us . . . We express no opinion on whether an implied warranty of habitability will be extended in other factual contexts."). Groover, Conway, Elderkin, and Groff involved implied warranties that are different than the implied warranty invoked by Count II of Plaintiff's Complaint, so Meenan's reliance on these decisions is misplaced. See Del., Lackawaxen & Stourbridge R.R. Co. v. Star Trak, Inc., No. 18-480, 2018 WL 5296292, at *2 (M.D. Pa. Oct. 25, 2018) ("[The warranty of workmanlike performance and the warranty of habitability] are not the same.").

The case that is most supportive of Meenan's position is Young v. Home Depot U.S.A., Inc., No. 15-5436, 2016 WL 8716423 (E.D. Pa. Sept. 30, 2016) (Joyner, J.), in which summary judgment was granted for the defendant on a breach of implied warranty of reasonable workmanship claim. Judge Joyner's decision in Young was premised on the court's inability to find any case "in which the Pennsylvania courts have applied the implied warranty of reasonable workmanship to anything other than new-home construction" and the fact that the plaintiff made "no argument whatsoever in response to [the defendants'] assertions . . . ." Id. at *7.

Here, Plaintiff has done what Young failed to do: Plaintiff has pointed to multiple decisions (that themselves cited other cases) that implied warranties of workmanlike quality in the context of the provision of services. See, e.g., Star Trak, 2018 WL 5296292, at *3 ("[T]he amended complaint states a claim for breach of contract based upon the defendant's failure to provide [railcar] repair, restoration, and refurbishment services in a reasonable and workmanlike manner."); Md. Cas. Co. v. Preferred Fire Prot., Inc., No. 14-245, 2014 WL 4218715, at *7 (W.D. Pa. Aug. 25, 2014) (implying in a contract for inspection and service of a fire sprinkler system a

warranty that "the services would be performed by [the defendant] in a workmanlike manner"); Goldstein v. United Lift Serv. Co., Inc., No. 9-826, 2010 WL 4236932, at *3 (E.D. Pa. Oct. 25, 2010) (DuBois, J.) (finding that the defendant was liable for breaching an implied contract to "competently service [a] chair lift"); see also Star Trak, 2018 WL 5296292, at *3 (collecting cases from federal and state courts that recognized implied warranties of workmanlike performance in service contracts under Pennsylvania law).

Accordingly, Plaintiff has plausibly suggested an entitlement to relief based on Meenan's alleged breach of the implied warranty of workmanship. Meenan's Motion to Dismiss will be denied insofar as it seeks dismissal of Count II.

### D. Leave to Amend

The Third Circuit has instructed that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245. In line with the "liberal" policy favoring leave to amend embodied in Rule 15, Plaintiff will have thirty days to amend the Complaint to cure the deficiencies in Count I. Spartan Concrete Prods., LLC v. Argos USVI, Corp., 929 F.3d 107, 115 (3d Cir. 2019).

## VI. Conclusion

For the foregoing reasons, Meenan's Motion to Dismiss is granted as to Count I but denied as to Count II. Count I is dismissed without prejudice, and Plaintiff may file an amended complaint within thirty (30) days.

An appropriate Order follows.

O:\CIVIL 20\20-477 First Nonprofit v Meenan Oil\20cv477 Memorandum re Def. Meenan's Motion to Dismiss