IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIRST NONPROFIT INSURANCE COMPANY a/s/o SELF HELP MOVEMENT, INC., <br><br>  Plaintiff <br><br> v. <br><br> MEENAN OIL LLC and LIMBACH CONSTRUCTION, <br><br> Defendants | CIVIL ACTION NO. 20-CV-477 |

Baylson, J.                              **MEMORANDUM**                              November 2, 2020

## I.   Background

### A.  Factual History

Self Help owns a property in Philadelphia insured by Plaintiff.  (Am. Compl. ¶ 3). Defendant Limbach installed an HVAC system at that property.  (Id. ¶ 6).  In December 2016, Defendant Meenan serviced the HVAC system. (Id. ¶ 8).  About a month later, a sprinkler at the property discharged and caused water damage.  (Id. ¶ 9).  Later investigation revealed the sprinkler activated because the HVAC had overheated.  (Id. ¶¶ 10–13).  Plaintiff compensated Self Help for the damage to the property pursuant to the insurance contract and became subrogated to the claims in this action.  (Id. ¶ 14).

### B. Procedural History

Plaintiff originally filed its Complaint in the Court of Common Pleas, but Meenan, with the consent of co-Defendant Limbach, removed the case to this Court on January 27, 2020 on the basis of diversity jurisdiction.  (Mem. Op. 3, ECF 9).  The original Complaint asserted claims against Meenan for Breach of Contract (Count I) and Breach of Implied Warranty of Quality

1

Workmanship (Count II).  (Id.)   Meenan moved to dismiss those counts pursuant to Rule 12(b)(6) in February 2020.  (Mot. to Dismiss 1, ECF 2).  This Court granted the Motion to Dismiss as to Count I without prejudice and denied the Motion to Dismiss as to Count II.  (Mem. Op. 16).  First Nonprofit then submitted an Amended Complaint, and Meenan has again moved to dismiss Count I, the breach of contract claim.  (Mot. to Dismiss the Am. Compl. 1, ECF 14)

The Memorandum Opinion granted the Motion to Dismiss without prejudice as to the breach of contract claim under the "gist of the action" doctrine.  (Mem. Op 6, 16).  Because Plaintiff's pleadings regarding Count I sounded more in tort than in contract, the claim was barred by Pennsylvania's[1] two-year statute of limitations for tort claims.  (Mem. Op. 9–14).  The opinion pointed out that "[t]he gist of this claim is tort because Plaintiff does not allege a failure to perform under the contract or identify any specific contractual duty that Meenan breached."  (Id. at 13). Plaintiff had argued in opposition that the breach of contract claim was properly brought in contract because it involved an "implied promise to perform in a reasonable and workmanlike manner and with ordinary skill and care."  (Id.)  The opinion noted, however, that Plaintiff cited no case that such a claim sounded in contract, and that the Supreme Court of Pennsylvania's case law suggested that such a claim sounded in tort.  (Id.)  Even though the lawsuit may have arisen because of Meenan's agreement to perform maintenance services, the facts pleaded in the Complaint concerned Meenan's negligent performance.  (Id.)  The Plaintiff was given thirty days to amend the Complaint to cure the deficiencies in Count I.  (Id. at 16)

---

[1] Pennsylvania state law applies because the Court is sitting in diversity.  (Mem. Op. 4, ECF 9).

**II.     Discussion**

Plaintiff's Amended Complaint does not cure the above-described deficiencies. To be sure, the Amended Complaint does include some new details, but they are not sufficient to recharacterize the claim in contract.

**A. Changes to the Amended Complaint**

The Amended Complaint includes additional counts against Defendant Limbach. (Am. Compl. ¶ 28–43). It also includes some new factual allegations in Count I; specifically, it mentions that the investigation of the HVAC revealed a "purposeful bypass[]" which caused the induction fan to function improperly. (Id. ¶ 12). It also specifically states that "[a]t some point on or prior to December 11, 2016, Meenan agreed to repair, service, inspect, and/or maintain the HVAC system," and then alleges that this agreement entailed an implied promise comprised of three sub-promises: (a) "that the HVAC system would be left in safe and working order upon completion of its work;" (b) "that it would not intentionally bypass important safety features in furtherance of its work;" and (c) "that it would warn Plaintiff's subrogor should the HVAC system be found in a dangerous condition." (Id. ¶ 17).

The next paragraph of the Amended Complaint details how Meenan breached these three implied sub-promises. Plaintiff alleges that Meenan's "fail[ure] to perform with ordinary skill and care and in a reasonable and workmanlike manner" led to Meenan (a) "not leaving the subject HVAC system in safe and working order upon completion of its work;" (b) "intentionally bypassing important safety features in furtherance of its work;" and (c) "failing to warn Plaintiff's subrogor that the HVAC system was in a dangerous condition." (Id. ¶ 18). Plaintiff also added a brief sentence noting that these breaches proximately caused Plaintiff's damages, entitling it to recovery. (Id. ¶ 19).

3

**B. The Parties' Arguments Regarding the Motion to Dismiss the Amended Complaint**

Defendant's Motion to Dismiss the Amended Complaint argues that Plaintiff's argument still revolves around Meenan's alleged failure to "adequately perform its alleged agreement to service the HVAC system, not [its failure] to service the unit altogether." (Mot. to Dismiss the Am. Compl. ¶ 17, citing Bruno v. Erie Ins. Co., 106 A.3d 48, 63 (Pa. 2014)). In particular, Defendant contends that whatever "vague agreement" Plaintiff refers to, it was merely the "vehicle, or mechanism, which established the relationship between the parties," and during that relationship, negligence was allegedly committed. (Mot. to Dismiss the Am. Compl. ¶ 15, citing Bruno, 106 A.3d at 70).

In the alternative, Meenan argues that even if Count I is construed in contract, it still must be dismissed because Plaintiff failed to factually plead the elements of a breach of contract claim. (Mot. to Dismiss the Am. Compl. 4). It contends that Plaintiff must identify a contract, a breach of an obligation within that contract, and the resulting damage from that breach. (Mot. to Dismiss the Am. Compl. ¶ 20, citing Cap. Funding VI LP v. Chase Manhattan Bank USA, NA, No. 01-CV-6093, 2003 U.S. Dist. LEXIS 12102 (E.D. Pa. Mar. 21, 2003)). Meenan's position is that Plaintiff did not identify what kind of agreement was breached, which specific obligations were contracted for, when the parties entered the agreement, and what the consideration was. (Mot. to Dismiss the Am. Compl. ¶ 23).

Plaintiff responds that Meenan agreed to repair, service, inspect, and/or maintain an HVAC system in response to a "no heat" call. (Pl.'s Resp. in Opp'n 1, 4, ECF 18-1). Plaintiff further contends that "[i]mplied as a term to all service contracts includes an implied promise that services will be performed in a reasonable and workmanlike manner and with ordinary skill and care. Breach of such promise sounds in breach of contract." (Id. at 1–2, 4). To support this principle,

Plaintiff cites to Goldstein v. United Lift Service Co., Inc., No. 09-826, 2010 WL 4236932 (E.D. Pa. Oct. 25, 2010) (DuBois, J.). (Id. at 4). Plaintiff again listed the three sub-promises it argues flow from Meenan's implied promise. (Id. at 5). Its opposition concluded by arguing that the gist of the action doctrine was not intended to foreclose plaintiffs from bringing breach of contract claims when the implied promise to perform in a reasonable and workmanlike manner was not met. (Id. at 5).

Plaintiff further responds to Meenan's alternative argument that if the claim is construed in contract, it has pleaded sufficient facts to support a breach of contract claim. (Id. at 6). It explains that it does not matter if the contract was oral or written and reiterates the alleged implied promise that services would be "performed in a reasonable and workmanlike manner and with ordinary skill and care." (Id. at 6, citing Goldstein, 2010 WL 4236932, at *3). It further argues that without the benefit of discovery, Plaintiff does not know whether the contract was oral or written, because it was not a party to the contract,[2] and that Meenan is in the best position to provide information relevant to that topic. (Id. at 6).

Meenan replies in opposition that, ultimately, Plaintiff has not put forth any specific contract, and therefore, its claim fails. (Def.'s Reply in Supp. of Mot. to Dismiss the Am. Compl. 2, ECF 21). It emphasizes that both cases Plaintiff cited in its Response included tangible contracts and are not on point. (Id.) Meenan argues that Plaintiff's theory of "stacked" promises stemming from the implied promise signifies a claim in negligence, not breach. (Id. at 5). Ultimately, Meenan contends that it did service the HVAC unit, and any claim regarding how it serviced the unit, or whether it was done properly is a negligence question. (Id. at 6). It repeats the arguments

---

[2] Plaintiff is the insurer, or "subrogee" of Self Help, the "subrogor." (Mem. Op. 1 n.2).

made in its Motion to Dismiss about why any breach of contract claim should fail if Count I is construed as a contract claim. (Id. at 6–7).

### C. Analysis

Plaintiff's claim still sounds in tort. Amended Count I still describes Meenan's alleged promises as stemming from an "implied promise" to work "with ordinary skill and care and in a reasonable and workmanlike manner." (Am. Compl. 3). Just because Plaintiff revised the form of its allegation into a list of implied duties does not transform the substance of the claim into one of contract. See Bruno, 106 A.3d at 111 ("If there is 'misfeasance,' there is an improper performance of the contract in the course of which breaches a duty imposed by law as a matter of social policy. In such instances, the 'gist' of the plaintiff's action sounds in tort and the contract itself is collateral to the cause of action.") (quoting Harleysville Homestead Inc. v. Lower Salford Twp. Auth., 980 A.2d 749, 753 (Pa. Commw. Ct. 2009)). Plaintiff cannot overcome the gist of the action doctrine when it conclusively states an agreement existed, but does not detail key aspects of that agreement, such as the terms and the parties. Furthermore, Plaintiff, as the insurer of Self Help, can obtain any such agreement from Self Help.

The cases cited by Plaintiff do not advance its arguments to enforce the alleged implied promise. For example, in Goldstein, the defendant contracted to provide the plaintiffs with "trained Service Technicians, reliable service, PEACE OF MIND, and trouble-free operation for the user(s)." Goldstein, 2010 WL 4236932, at *3 (internal quotation marks omitted). After repeated service calls and visits to the plaintiffs' home over the course of a month, the defendants in Goldstein did not repair or diagnose the malfunctioning chair lift. Because defendants failed to meet the specific representations they made to plaintiff, the district court found them to be in breach of the maintenance contract. Plaintiff also quotes language that Goldstein adopted from

6

Huling v. Henderson, 29 A. 276, 278 (Pa. 1894): "One who undertakes any work impliedly assumes that he will do it with ordinary skill and care, and becomes liable to make compensation for not doing so." Significantly, Huling was a case for negligent performance, not breach of contract. Metropolitan Edison Co., another case Plaintiff cites to support a breach of implied duties, also involved a written construction contract. See Metro. Edison Co. v. United Eng'rs & Constructors, Inc., 4 Pa. D. & C.3d 473, 474–75 (Pa. Ct. Com. Pl. 1977). That court explicitly noted that the principle that "work will be performed in a reasonably workmanlike manner whether or not such a promise is expressly stated" is one that applies to construction contracts. Id. at 482–83.

For these reasons, the Court **GRANTS** with prejudice Defendant's Motion to Dismiss the Amended Complaint as to Count I.

An appropriate Order follows.

O:\CIVIL 20\20-477 First Nonprofit v Meenan Oil\20-cv-477 First Nonprofit_Memo re MTD Am. Compl..docx