IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIRST NONPROFIT INSURANCE COMPANY a/s/o SELF HELP MOVEMENT, INC.,<br><br>Plaintiff<br><br>v.<br><br>MEENAN OIL LLC and LIMBACH CONSTRUCTION,<br><br>Defendants | CIVIL ACTION NO. 20-CV-477 |

**MEMORANDUM RE: DEFENDANT'S MOTION TO VACATE**

**Baylson, J.**                                                                                                          **September 8, 2021**

## I. INTRODUCTION

Pending before the Court is Defendant, Meenan Oil's, Motion to Vacate. The Motion stems from alleged confusion among the parties on the adequacy and accuracy of settlement discussions, and the Order dismissing the case with prejudice pursuant to Local Rule 41.1(b). For the following reasons, the Court will deny Defendant's Motion.

## II. FACTUAL BACKGROUND

Plaintiff, First Nonprofit Insurance, notified chambers via letter on May 26, 2021 that it had reached a settlement with Defendants, and requested the case be closed. This Court's clerk's office filed the necessary Order to do so. (ECF 59.) The next day, co-Defendant Meenan Oil alerted chambers via letter that it had not been involved in settlement discussions between First Nonprofit and Limbach Construction, and asked that the dismissal order be vacated. It filed a motion requesting the same. (ECF 64.)

All three parties filed letters with the Court describing their position with regard to the settlement discussions. The Court will not belabor the details because those facts are not relevant to deciding the instant Motion.

### III. PARTIES' ARGUMENTS

#### a. Meenan's Motion to Vacate the May 26, 2021 Order of Dismissal (ECF 64)

Meenan argues that the Order should be vacated because (1) Fed. R. Civ. P. 41, the only way to dismiss an action, was not followed; and (2) the Court used R. 41.1(b) as a dismissal vehicle based on a misrepresentation of the facts.

First, Meenan states that neither counsel for Limbach nor First Nonprofit contacted Meenan's counsel to obtain a voluntary dismissal. Meenan argues that Fed. R. Civ. P. 41 requires a stipulation signed by all parties, or a motion requesting dismissal, and neither Limbach nor FNP used either route.

Additionally, Meenan incorrectly cites to Fed. R. Civ. P. 41(a)(i)[1], and argues that that avenue is not viable for dismissal because Meenan's MSJ was pending. Likewise, Fed. R. Civ. P. 41(a)(ii)[2] is not viable because Meenan never consented to dismissal, and Plaintiff did not properly file a motion per R. 41(b).

Ultimately, Meenan argues the Order entered pursuant to Local Rule 41.1(b) is based on a misrepresentation of the facts, and the Court should vacate the Order. Local Rule 41.1(b) requires that "issues between parties have been settled," and that is not accurate here. For example, Meenan lists (1) its pending MSJ; (2) its crossclaims for indemnity and contribution against Limbach; and (3) its potential petition for costs as outstanding, unadjudicated issues.

---

[1] It appears that Meenan intended to cite to R. 41(a)(1)(A)(i).
[2] Likewise, it appears that Meenan intended to cite to R. 41(a)(1)(A)(ii).

Finally, Meenan argues that Fed. R. Civ. P. 60(b)(3) entitles Meenan to relief due to misrepresentation of the facts.

### b. Limbach's Response in Opposition (ECF 65)

Replying in opposition, Limbach calls Meenan's motion frivoulous. Limbach disputes Meenan's reading of Fed. R. Civ. P. 41(a)(2). Limbach presses that under this rule, the plaintiff is the only party required to effectuate a dismissal. Limbach also argues that Meenan misunderstands indemnity and contribution.

### c. Meenan's Reply in Support of Vacating (ECF 66)

Replying in support, Meenan emphasizes that no motion was filed per Fed. R. Civ. P. 41(a)(2). Plaintiff never filed one, and a letter is not a motion. Accordingly, Meenan never had the opportunity to respond.

Meenan also appeals to the Third Circuit's interpretation of R. 41(a)(2), which notes the rule's protective nature. See Westinghouse Elec. Corp. v. United Elec. Radio and Mach. Workers of Am., 194 F.2d 770, 771 (3d Cir. 1952). Meenan would suffer prejudice if the Court allowed the May 26, 2021 order to stand without Meenan having the opportunity to petition for costs.

## IV. LEGAL STANDARD

"Pursuant to Local Rule of Civil Procedure 41.1(b), a party seeking to vacate, modify or strike a court's order of dismissal bears the burden of showing good cause why the order should be set aside." Wyndmoor Learning Ctr. v. City of Wilmington, No. 93-4217, 1996 WL 117471, *7 (E.D. Pa. Mar. 12, 1996) (Robreno, J.) (footnote omitted).

The analysis is guided by the standards set forth in Fed. R. Civ. P. 60(b). Bright v. First Senior Fin. Grp., No. 12-360, 2013 WL 3196392 (E.D. Pa. June 24, 2013) (Sanchez, J.) (citing King v. Banner, No. 07–0704, WL 3656030 (E.D. Pa. Sept. 17, 2010)). Rule 60(b)(3)

allows a court to relieve a party from final judgment due to misrepresentation. The moving party must prove the misrepresentation by clear and convincing evidence. Id. Ultimately, "[t]he resolution of a motion seeking relief under Federal Rule of Civil Procedure 60(b) falls within the district court's sound discretion." Dowd v. City of Philadelphia, No. 19-1981, 2020 WL 1826596, *2 (E.D. Pa. Apr. 10, 2020) (Baylson, J.) (citing Hodge v. Hodge, 621 F.2d 590, 593 (3d Cir. 1980)).

## V. ANALYSIS

Meenan's primary two arguments for vacating the order are that (1) the request for dismissal was not done properly via motion; and (2) it would suffer prejudice from dismissal because it would not be able to petition for fees and costs, and because its Motion for Summary Judgment and counterclaims are still pending. For the following reasons, this Court is not persuaded that either argument constitutes the "good cause" necessary to vacate the order.

### a. A Motion is Not Required

Meenan's threshold argument that Plaintiff did not seek voluntary dismissal properly is without merit. See, e.g., D.C.G. ex rel. E.M.G. v. Wilson Area Sch. Dist., No. 07-cv-1357, 2009 WL 838548, *2 (E.D. Pa. March 27, 2009) (Golden, J.) ("Rule 41(a)(2) does not require that the plaintiff's request for dismissal take any specific form; it requires only that the court approve such a request for dismissal.") (quoting Morris v. City of Hobart, 39 F.3d 1105, 1109 (10th Cir. 1994)) (internal quotation marks omitted).

### b. Meenan Can Still Petition for Fees & Costs

Meenan's Reply in Support of its Motion dedicates a large portion of its argument to the possibility that it "would suffer severe prejudice is this Court allows the May 26, 2021 Order to stand without an opportunity to petition for costs." But Meenan can still petition for costs. The

Order need not be vacated for Meenan to do so.  See DiPaolo v. Moran, 277 F. Supp. 2d 528, 532 (E.D. Pa. 2003) (Yohn, J.) ("motions for costs or attorney's fees are independent proceedings supplemental to the original proceeding") (brackets and internal quotations omitted) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990)).  Fed. R. Civ. P. 54(d)(2) allows a claim for attorney's fees and related nontaxable expenses to be made by motion after a final judgment.  Meenan could also file for sanctions under R. 11 if it believes that First Nonprofit and Limbach misled the Court by sending the notice of settlement.  See id. ("voluntary dismissal does not expunge the Rule 11 violation") (quoting Cooter & Gell, 496 U.S. at 395).

### c. **Meenan's Crossclaims & Counterclaims Are Moot**

Meenan's Answer includes crossclaims for indemnity against Limbach. (ECF 46.)  It brings crossclaims against Limbach for Negligence, Breach of Contract, and Breach of Implied Warranty, by incorporating its responses to paragraphs 1–36 of Plaintiff's Amended Complaint, which essentially deny all allegations made by Plaintiff.

Because Plaintiff dismissed all its claims, Meenan's crossclaims against co-Defendant Limbach are moot.  See, e.g., Young v. Reconstructive Orthopaedic Assocs., II, P.C., 2005 WL 119859, *2 (E.D. Pa. Jan. 19, 2005) (Rueter, Mag. J.) (dismissing one defendant's crossclaims for contribution and indemnity against other defendant after plaintiff's claims were dismissed and citing additional cases holding the same).

## VI. CONCLUSION

For the foregoing reasons, Meenan's Motion to Vacate the May 26, 2021 Order is denied.  An appropriate Order follows.

/Volumes/Judge Baylson/CIVIL 20/20-477 First Nonprofit v Meenan Oil/memo re mot to vacate.docx